**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

LEGACY BUILDING GROUP, LLC, *et al.*, )
)
Plaintiffs, )
)
v. ) Case No. 4:25-cv-01624-JAR
)
LIBERTY MUTUAL FIRE )
INSURANCE COMPANY, *et al.*, )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Legacy Building Group, LLC, C. Rallo Legacy, and C. Rallo Contracting Co., Inc.'s ("Plaintiffs") motion to remand [ECF No. 15], Defendants Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation's (collectively, "Liberty") partial motion to dismiss [ECF No. 25], and Liberty's motion to dismiss cross-claim filed by Defendant S.M. Wilson & Co. ("Wilson") [ECF No. 32]. For the reasons that follow, the Court will grant Plaintiffs' motion to remand, and will therefore deny Liberty's motions as moot.

## BACKGROUND

On September 9, 2025, Plaintiffs filed the present lawsuit against Liberty in the Circuit Court of the City of St. Louis, Missouri. Plaintiffs' complaint includes claims for declaratory judgment, breach of contract, vexatious refusal, and bad faith refusal to settle, all emanating from the fallout of a construction defect dispute in which Plaintiffs claim that Liberty refused to defend and indemnify Plaintiffs and to settle claims that had been asserted against them. Count III of Plaintiffs' complaint alleges a declaratory judgment claim against Wilson as well as Liberty.

On October 31, 2025, Liberty removed this action to this Court, asserting there is complete diversity of citizenship among the parties. The notice of removal states that Liberty is a citizen of Wisconsin and Massachusetts and that Plaintiffs are citizens of Missouri, but insists that Wilson, a Delaware corporation which represents that its principal place of business is in Missouri, must be disregarded for purposes of analyzing diversity jurisdiction. Liberty argues that Wilson was fraudulently joined because Plaintiffs' complaint fails to state any colorable claim against Wilson.

On November 12, 2025, Wilson filed an answer to Plaintiffs' complaint and a cross-claims against Liberty, including claims for declaratory judgment, breach of contract, vexatious refusal, and bad faith refusal to settle. Wilson seeks coverage "up to the applicable limits of coverage under the Liberty policies, which is $6,000,000" and demands more than $5,500,000 against Liberty. ECF No. 12 at 23.

On November 13 2025, Plaintiffs filed a motion to remand this action to the Circuit Court of the City of St. Louis, Missouri, arguing that Wilson is properly joined as an indispensable party, and that Plaintiffs maintain an actionable and colorable declaratory judgment claim against Wilson. As Wilson is a Missouri citizen, Plaintiffs contend that complete diversity of citizenship does not exist, and there is no other basis for subject matter jurisdiction in this Court. Plaintiffs also point out that a "prior version of this lawsuit (involving the same parties and causes of action) was previously filed in the Circuit Court of the City of St. Louis, and Liberty attempted removing that matter to this Court." ECF No. 16 at 3 (citations omitted). Plaintiffs submit that they and Liberty advanced the same arguments for and against remand in that case, and the Court granted Plaintiffs' motion to remand. *Legacy Bldg. Group, LLC v. Liberty Mut. Fire Ins. Co.*, No. 4:21-CV-266-MTS, 2021 WL 4819570 (E.D. Mo. Oct. 15, 2021). Given the lack of

substantive distinctions between that case and the present action, Plaintiffs assert that the Court should likewise grant their motion to remand here.

In December 2025, Liberty filed a memorandum in opposition to Plaintiffs' motion to remand, maintaining that Wilson should be realigned with Plaintiffs, that Plaintiffs have no colorable claim against Wilson due to a complete release of all claims, and that there is no limited pool of insurance funds in dispute. Plaintiffs filed a reply, contesting each of Liberty's arguments against remand. The issues are fully briefed and the Court is prepared to rule.

## LEGAL STANDARD

A case may be properly removed only if it could have originally been filed in federal court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). The removing defendant bears the burden of proof by a preponderance of the evidence that federal jurisdiction is proper. *Id.* Removal based on diversity jurisdiction demands complete diversity of citizenship between the parties, and the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332(a). Furthermore, diversity jurisdiction requires that none of the defendants in the case be residents of the forum state. 28 U.S.C. § 1441(b)(2). This restriction is known as the "forum defendant rule."

A federal court, however, may retain jurisdiction where a non-diverse defendant has been fraudulently joined. *Junk v. Termix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010). Joinder is fraudulent when the plaintiff's claim against a defendant is frivolous or illegitimate and has only been filed to prevent removal. *Id.* "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (citations omitted).

To prove that a plaintiff fraudulently joined a diversity-destroying defendant, the defendant seeking removal must prove that the plaintiff's claim against that defendant has "no reasonable basis in fact or law." *Knudson v. System Painters*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). However, "if there is a colorable cause of action – that is the state law might impose liability . . . under the facts alleged – then there is no fraudulent joinder." *Filla*, 336 F.3d at 810. Additionally, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson*, 634 F.3d at 975.

## DISCUSSION

### 1.  Realignment

Liberty posits that Wilson should be realigned with Plaintiffs. According to Liberty, Plaintiffs' allegations establish that they and Wilson share the same dispute against Liberty, which is the alleged basis for their claim of priority of coverage in Count III. Thus, Liberty believes that Plaintiffs and Wilson are aligned in interest and should be realigned to the same side for purposes of analyzing diversity jurisdiction. Realignment is proper when there is "no actual, substantial controversy" between a party and a named opponent. *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941). Liberty states that there is no actual, substantial controversy between Plaintiffs and Wilson because Plaintiffs do not seek any recovery from Wilson. Liberty therefore contends that it is proper to realign Wilson to Plaintiffs' side, and there is complete diversity of citizenship.

In response, Plaintiffs maintain that they and Wilson have adverse, competing, and conflicting claims against Liberty for a limited amount of coverage available under Liberty's insurance policies (the "Liberty policies"). Plaintiffs argue that this dispute over priority of

4

entitlement of Liberty's limited insurance coverage is an actual and substantial controversy. According to Plaintiffs, they have pled sufficient facts that they and Wilson have direct and competing claims for insurance coverage against Liberty, such that a declaration of rights in one party's favor will impede and impact the rights of the other. The complaint explains that Plaintiffs are additional insureds under the Liberty policies and are entitled to full coverage for the types of claims that were asserted against them. The complaint further alleges that Wilson has maintained the same claims for coverage against Liberty. Specifically, Plaintiffs argue that given the collective value of the monetary claims for coverage pursued against Liberty by Plaintiffs and Wilson (exceeding $8,500,000 at a minimum) and given the alleged $6,000,000 maximum limit of coverage, there is an actual dispute and justiciable controversy between Plaintiffs and Wilson regarding priority of entitlement to coverage. In Count III, Plaintiffs request a declaration that Plaintiffs' claims are superior to Wilson's claims against Liberty and that Wilson should be awarded no judgment or damages until Plaintiffs have been made whole and fully compensated in this action. Plaintiffs thus believe there is an actual and substantial controversy between them and Wilson, and that realignment is not proper. *Hartford Acc. and Indem. Co. v. Doe Run Resources Corp.*, No. 4:08-CV-1687-CAS, 2009 WL 1067209, at *2 (E.D. Mo. Apr. 21, 2009) ("realignment of parties is not required if there is any actual and substantial conflict existing between those parties, regardless of whether it concerns the primary issue in dispute").

The Court finds that an actual and substantial conflict exists between Plaintiffs and Wilson. The complaint sufficiently alleges a dispute between Plaintiffs and Wilson concerning priority of entitlement to coverage under the Liberty policies. Plaintiffs allege that Plaintiffs and Wilson seek combined relief in excess of $8,500,000 and are thus competing for the $6,000,000

total limits of coverage. There is thus a live controversy whether Plaintiffs or Wilson are entitled

to coverage under the Liberty policies and if one party has priority over the other. Accordingly,

an "actual and substantial conflict exists" between Plaintiffs and Wilson. *Universal Underwriters*

*Ins. Co. v. Wagner*, 367 F.2d 866, 871 (8th Cir. 1966). The interests of Plaintiffs and Wilson are

clearly not aligned because they are directly competing for entitlement to coverage. *See Legacy*,

2021 WL 4819570 at *5 (citing *Mo. United School Ins. Council v. Lexington Ins. Co.*, No. 4:10-

cv-130-RWS, 2010 WL 1254657, at *3 (E.D. Mo. Mar. 24, 2010) ("Just because Hough may

have an interest in MUSIC and/or the other insurance companies providing coverage does not

make Hough aligned with MUSIC as a plaintiff.")). Therefore, the Court declines to realign

Wilson to Plaintiffs' side.

### 2.  Fraudulent Joinder

### a.  Settlement Agreement

Liberty argues that Wilson was fraudulently joined, as Plaintiffs expressly released any

and all claims against Wilson in a settlement agreement referenced in the complaint. Liberty

states that the terms of this settlement agreement were not before the Court in the 2021 case

between these parties. *Legacy*, 2021 WL 4819570. Liberty identifies the following section of the

agreement concerning Plaintiffs' release of claims against Wilson:

> 14. C. Rallo Legacy and all actual or potential members of the Joint Venture including,
> but not limited to, Legacy Building Group, LLC, Legacy Building Group, Legacy
> Building Group Joint Venture, C. Rallo, and C. Rallo Contracting Co., Inc. and any such
> entity's parents, subsidiaries, affiliates, owners, officers, directors, members, agents,
> employees, contractors, successors, insurers, and all others claiming by or through it,
> does **hereby agree to release and forever hold harmless S.M. Wilson** and C. Rallo
> Legacy's insurers, National Fire Insurance Company of Hartford and National Union Fire
> Insurance Company of Pittsburgh, PA, and these entity's parents, subsidiaries, affiliates,
> owners, officers, directors, members, agents, employees, contractors, successors, assigns,
> and insurers **from and against any and all claims, actions, causes of action, damages,**
> **demands, rights, costs, fees, expenses, penalties, interest, reimbursements, and**

> **compensation whatsoever related in any way to the Project and the claims made by S.M. Wilson.**

ECF No. 35-1 at 3 (emphasis added).

In turn, Wilson agreed to release and "hold harmless" Plaintiffs from any claim by it. *Id.* at 2. Liberty contends that the language of the agreement bars any priority of recovery claim, as a declaration regarding priority would adversely affect either Plaintiffs or Wilson. Such a declaratory judgment claim is an adverse action against Plaintiffs or Wilson and is precluded by the agreement. *See Hoseman v. Weinschneider*, 322 F.3d 468, 474 (7th Cir. 2003). According to Liberty, Plaintiffs' failure to preserve claims against Wilson was knowing because at the time this agreement was signed, they were aware of the amount of the settlement and the allegedly available insurance proceeds. Plaintiffs and Wilson expressly preserved their claims against Liberty in the agreement, but did not preserve any claims against each other. Because Plaintiff is barred from bringing an action against Wilson pursuant to the agreement, Liberty asserts that Plaintiffs' claim against Wilson constitutes fraudulent joinder.

In response, Plaintiffs maintain that they and Wilson expressly reserved and exempted from the agreement all claims arising from or related to coverage owed by Liberty to the Plaintiffs and Wilson and the priority of such claims. In the agreement, Plaintiffs and Wilson "fully and expressly reserve[d]" claims relating to "Liberty Mutual's denials of demands for coverage as 'additional insureds' under the Liberty Mutual Policies." ECF No. 35-1 at 2. Plaintiffs and Wilson agreed that "any and all claims involving . . . Liberty Mutual are expressly preserved." *Id.* at 3. Plaintiffs thus argue that the declaratory judgment claim against Wilson is preserved under the agreement because it involves Liberty. Plaintiffs moreover assert that Liberty's argument is inapposite, as it is not a party to the agreement and thus has no right to enforce any of its terms. *Farmers Auto. Ins. Ass'n v. Donahue*, No. 08-0565-CV-W-ODS, 2008

7

WL 4426139, at *1 (W.D. Mo. Sept. 26, 2008). Accordingly, Plaintiffs argue that Liberty has no standing to enforce the terms of the agreement between Plaintiffs and Wilson, including any supposed release of a declaratory judgment claim against Wilson.

The Court finds that Liberty has no standing to enforce the agreement between Plaintiffs and Wilson regarding the release of any claims between them. *See Burnett v. Natl. Assn. of Realtors*, 75 F.4th 975, 982-83 (8th Cir. 2023) ("Missouri law provides that '[o]nly parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract. To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member.'" (quoting *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. banc 2007) (cleaned up)). As Liberty has no standing to enforce the agreement between Plaintiffs and Wilson, the Court need not determine the meaning of the agreement's terms. Moreover, "any and all claims involving . . . Liberty Mutual" are "expressly preserved" under the agreement. ECF No. 35-1 at 3. Plaintiffs' declaratory judgment claim against Wilson necessarily involves Liberty because it requests a declaration concerning priority of entitlement to coverage under the Liberty policies. It is thus a claim "involving" Liberty and is preserved pursuant to the agreement between Plaintiffs and Wilson. Therefore, there is no basis to find fraudulent joinder pursuant to the terms of the agreement.

### b.  Cognizable Claim for Declaratory Judgment

Liberty contends that there is no cognizable claim for declaratory judgment that one party's own dispute has priority over an unrelated party's dispute under Missouri law, which requires a legally protectable interest between the parties. *See Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003). Liberty asserts that the absence of

allegations that Plaintiffs and Wilson have any actual interests in tangible property, such as secured interests or liens, is fatal. Moreover, Liberty states that Plaintiffs have cited no cases supporting a "priority of dispute" declaratory judgment claim.

Replying, Plaintiffs maintain that they have a cognizable declaratory judgment claim, as they have an interest in the coverage under the Liberty policies, which is directly adverse to Wilson's interest in the same coverage. Further, Plaintiffs posit that a declaration of Liberty's rights and obligations to Plaintiffs under the Liberty policies will necessarily affect Wilson's interest as well, since both parties claim the limited coverage available. Therefore, Plaintiffs insist that their declaratory judgment claim is proper.

The Court finds that Plaintiffs have asserted a cognizable and colorable declaratory judgment claim. "When seeking declaratory or injunctive relief, the criterion for standing is whether the plaintiff has a legally protectable interest at stake." *Battlefield Fire Protection Dist. v. City of Springfield*, 941 S.W.2d 491, 492 (Mo. banc 1997). "A legally protectable interest exists if the plaintiff is directly and adversely affected by the action in question" *State ex rel. Kansas City Power & Light Co. v. McBeth*, 322 S.W.3d 525, 530 (Mo. banc 2010). Furthermore, the Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.110, requires that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." An "interest" under the Missouri Declaratory Judgment Act is "not one which is merely consequential, remote or a conjectural possibility of being somehow affected by the result of an action." *Moschenross v. St. Louis County*, 188 S.W.3d 13, 25 (Mo. App. E.D. 2006). "The interest at issue must be a direct claim upon the subject of the

9

action such that the joined party will either gain or lose by direct operation of the judgment rendered." *Id*.

Here, Plaintiffs have a legally protectable interest because they have a direct interest in coverage under the Liberty policies and would be adversely affected if Wilson was found to have priority of coverage in a declaratory judgment. Given that Plaintiffs and Wilson have made competing claims for priority of coverage, Plaintiffs allege a colorable and cognizable claim. *Legacy*, 2021 WL 4819570 at *3 (citing *PW Shoe Lofts, LP v. State Auto Prop. and Casualty Ins. Co.*, No. 4:10-cv-2241-AGF, 2011 WL 2295068, at *3 (E.D. Mo. June 7, 2011) (remanding case because insured stated a colorable claim and did not fraudulently join additional insured under insurance policy as defendant in action to declare parties' rights and interests under insurance policies issued by defendant insurance company); *McCarthy Bldg. Co., Inc. v. RSUI Indem. Co.*, No. 4:10-cv-02063-AGF, 2011 WL 3847401, at *4 (E.D. Mo. Aug. 30, 2011) (finding no fraudulent joinder because an insurer's coverage obligations "give rise to a live controversy")).

In addition, assuming coverage is available, the respective monetary demands made by Plaintiffs and Wilson against Liberty are in conflict because the combined sums exceed the liability coverage limit allegedly available under the Liberty policies. Wilson demands more than $5,500,000 against Liberty and Plaintiffs demand more than $3,000,000 against Liberty, which together exceed the alleged limit of $6,000,000 in liability coverage. Plaintiffs and Wilson contend that their respective claims against Liberty are superior to one another, and ask for competing and adverse declarations that the other "should not be awarded a [or should be awarded no] judgment or damages until [the moving party] has [or have] been made whole and fully compensated." ECF No. 5 at 25; ECF No. 12 at 7. In the event Wilson succeeds in its declaratory judgment claim, Plaintiffs would not be made whole or be fully compensated

10

because such a judgment would declare that Wilson's priority of coverage claim is superior to Plaintiffs' claim, requiring Wilson to be paid in full and exhausting the insurance proceeds before Plaintiffs obtain their requested recovery due to the liability coverage limit. On the face of the complaint, therefore, Plaintiffs have a direct interest in the matter, or "standing to realize a gain or loss," by means of a declaration of the parties' rights under the Liberty policies. *Moschenross*, 188 S.W.3d at 25. Considering the alleged limit of liability coverage available under the Liberty policies and the competing values of covered damages sought by Plaintiffs and Wilson, Plaintiffs have an "interest which would be affected" in the result of Wilson's declaratory judgment action under the Missouri Declaratory Judgment Act. Accordingly, Liberty failed to meet its burden in demonstrating that there is no cognizable and colorable claim asserted by Plaintiffs. *See Legacy*, 2021 WL 4819570 at *4 (E.D. Mo. Oct. 15, 2021) (citing *Hutchen v. Wal-Mart Stores E. I, LP*, 555 F.Supp.2d 1013, 1017 (E.D. Mo. 2008) ("When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud.")).

    **c.   Wilson's Cross-Claim Against Liberty**

Referencing its motion to dismiss Wilson's cross-claim, Liberty contends that Wilson fails to state any viable claim. Liberty asserts that dismissing Wilson's cross-claim would obviate Plaintiffs' claim against Wilson. The Court agrees with Plaintiffs that Liberty's motion to dismiss Wilson's crossclaim is not relevant to the immediate analysis of Plaintiffs' motion to remand. *Davis v. D-W Tool, Inc.*, No. 2:16-CV-04297-NKL, 2017 WL 1036132, at *2 (W.D. Mo. Mar. 17, 2017) ("Because subject matter jurisdiction is a threshold inquiry, the Court must first consider a motion to remand."). Therefore, the Court need not reach the issue of the sufficiency of Wilson's cross-claim against Liberty in ruling on Plaintiffs' motion to remand.

### d.  Limited Pool of Insurance Funds

Alternatively, Liberty argues that the allegations of Plaintiffs' complaint establish that Plaintiffs and Wilson are not competing for a limited pool of insurance funds. Plaintiffs allege a $6,000,000 liability insurance limit potentially available to those claiming to be insured under the Liberty policies. The complaint further alleges that $3,000,000 in insurance coverage may be afforded to Plaintiffs and to Wilson, such that there is $3,000,000 in insurance coverage potentially at issue. Importantly, the complaint also alleges that Plaintiffs, or one or more of them, and Wilson are additional insureds under the Liberty policies. Liberty asserts that the policies only provide to additional insureds the minimum limit, which the complaint alleges totals $3,000,000.

Moreover, Liberty contends that even if Plaintiffs and Wilson each had claims as additional insureds under the Liberty policies, and such claims were cumulative or additive, the dispute regarding insurance coverage would be a maximum of $3,000,000 as to Plaintiffs and $3,000,000 as to Wilson. Accordingly, Liberty asserts that since the complaint alleges $6,000,000 in insurance coverage potentially available, the total of insurance funds in dispute is equal to the alleged limits of the Liberty policies, so there are no competing claims to an insufficient pool of funds. Liberty also identifies that the complaint alleges Wilson has already recovered $3,000,000. Liberty posits that there is no legal authority to support an alleged additional insured general contractor that has recovered its damages under the indemnity provision of its subcontract with its subcontractor also recovering insurance funds for the same alleged damages. Liberty therefore rejects the proposition that Plaintiffs and Wilson are competing for a limited pool of funds because the nature of their claims refute it, as they seek extracontractual recovery in excess of the limits of the Liberty policies.

12

In response, Plaintiffs state that Liberty's argument is premature because the Court has not determined the limits of insurance coverage under the Liberty policies, or whether the parties are entitled to extracontractual relief. Plaintiffs maintain that based on the allegations of the parties, there is a dispute regarding the amount of coverage available, and the relief sought by Plaintiffs and Wilson exceeds the total amount of the limits of insurance under the Liberty policies.

The Court is unpersuaded by Liberty's argument that Plaintiffs and Wilson are not competing for a limited pool of funds. The Court is required to assume the allegations in the complaint are true in evaluating Plaintiffs' motion to remand. *Welsh v. DePuy Orthopaedics, Inc.*, No. 4:24-CV-01541-SEP, 2025 WL 2780828, at *1 (E.D. Mo. Sept. 30, 2025) (citing *Filla*, 336 F.3d at 811 ("[T]he district court should resolve all facts and ambiguities . . . in the plaintiff's favor.")). While Liberty argues at length that Plaintiffs and Wilson have no competing claims to an insufficient pool of funds, the Court is not in a position at this stage of litigation to resolve that factual dispute. To the contrary, the Court must assume the truth of Plaintiffs' allegation in the complaint that the purported limit of liability coverage available under the Liberty policies and the competing values of covered damages sought by Plaintiffs and Wilson give rise to rights and interests that are adverse and in conflict. ECF No. 5 at 25. Specifically, the complaint alleges that Wilson demands more than $5,500,000 against Liberty and Plaintiffs demand more than $3,000,000 against Liberty, which combined exceed the alleged limit of $6,000,000 in liability coverage under the Liberty policies. *Id*. at 24. It is Liberty's burden to prove that Plaintiffs have no reasonable basis for a claim "*under the facts alleged*." *Filla*, 336 F.3d at 810 (emphasis added). Resolving the facts and any ambiguities regarding the limited nature of the pool of funds

13

in Plaintiffs' favor, the Court finds Plaintiffs have sufficiently established in their complaint that they are competing with Wilson for a limited pool of insurance funds.

### 3. Prior Lawsuit

Finally, Liberty attempts to distinguish this case from the 2021 action. *Legacy*, 2021 WL 4819570. In that action, two of the present Plaintiffs voluntarily dismissed their claims after more than four years of litigation. Plaintiffs then filed this lawsuit in 2025. Liberty states that Plaintiffs' complaint in this case is distinct because it introduces a party plaintiff, dozens of new allegations, and a new cause of action against Wilson. And importantly, when the Court reviewed the motion to remand in the previous action, it did not have the benefit of the full and complete mutual release between Plaintiffs and Wilson. Liberty also posits that there is now an evidentiary record establishing the fraudulent joinder of Wilson.

Plaintiffs, on the other hand, maintain that this lawsuit and the previous action are the same case. Contesting Liberty's characterization, Plaintiffs point out that the first amended complaint in the previous action superseded the original petition for purposes of deciding diversity jurisdiction; the amended petition included the same parties and causes of action at issue in the current litigation. Plaintiffs also assert that there is no new evidence that would establish diversity jurisdiction in this case. For instance, Plaintiffs aver that their settlement agreement with Wilson does not establish that Plaintiffs have no colorable claim against Wilson. Plaintiffs stress that the previous action not only involved the same parties and causes of action, but also the same arguments for removal and for remand.

The Court finds that while the 2021 action is not the "law of the case" as characterized by Liberty, there are no substantive differences between that case and the present case for purposes of assessing Plaintiffs' motion to remand. The parties, causes of action, and arguments are

14

essentially the same. *See id*. at *1-*5. The one notable difference here is the issue of the agreement between Plaintiffs and Wilson regarding the release of any claims between them. Liberty, however, has no standing to enforce the terms of the agreement between Plaintiffs and Wilson, and the agreement "expressly preserved" any claims "involving" Liberty, which covers Plaintiffs' declaratory judgment claim against Wilson for priority of entitlement to coverage under the Liberty policies. ECF No. 35-1 at 3. That agreement therefore has no effect on the outcome of Plaintiffs' motion. As the Court discerns no basis to depart from the previous decision to remand the 2021 action to state court, this action will likewise be remanded to the Circuit Court of the City of St. Louis, Missouri.

## CONCLUSION

The Court finds that Liberty has failed to satisfy its burden of proving by a preponderance of the evidence that Plaintiffs' claim against Wilson is frivolous or illegitimate and has only been filed to prevent removal. Here, Plaintiffs have a colorable cause of action against Wilson under the facts alleged. There is thus no fraudulent joinder and Wilson is an appropriate defendant for purposes of assessing diversity jurisdiction. Because Plaintiffs and Wilson are citizens of the same state, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a), and the Court must remand this action to the Circuit Court of the City of St. Louis, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand [ECF No. 15] is **GRANTED**, and this action is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

15

**IT IS FURTHER ORDERED** that Liberty's partial motion to dismiss [ECF No. 25] and Liberty's motion to dismiss cross-claim filed by S.M. Wilson [ECF No. 32] are **DENIED as moot.**

Dated this 3rd day of June, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE